**BROWNING FREIGHT LINES, INC., a corporation, and Garrett Freightlines, Inc., a corporation, Plaintiffs,**

v.

**WARBERG BROTHERS COMPANY, a corporation, et al., Defendants.**

**Civ. No. 4-74-45.**

United States District Court,
D. Idaho.

April 7, 1975.

Supplemental Memorandum of Opinion and Order May 28, 1975.

affected appellants. *See* 415 U.S. at 737 n. 8., 94 S.Ct. 1274, and *Appendix,* p. 752 and p. 1287.

Ben D. Browning, McMillan & Browning, Salt Lake City, Utah, Maurice H. Greene, Pocatello, Idaho, for plaintiffs.

Larry D. Ripley, Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, William S. Richards, Nelson, Harding, Richards, Leonard & Tate, Salt Lake City, Utah, Robert E. Smylie, Langroise, Sullivan & Smylie, Boise, Idaho, Carl L. Steiner, Axelrod, Goodman, Steiner & Bazelon, Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION

J. BLAINE ANDERSON, District Judge.

The above-entitled action came on for hearing on defendants' motion to dismiss, March 28, 1975, wherein the Court considered the pleadings, briefs and arguments of counsel and thereafter entered its order from the bench granting defendants' motion to dismiss, with leave for the plaintiffs to amend their complaint within twenty days. This memorandum opinion summarizes the reasoning of the Court as reflected in said order.

Plaintiff filed this action pursuant to Section 322(b)(2) of Title 49, United States Code Annotated (Interstate Commerce Act), against the defendants for a violation of Section 306(a)(6) of Title 49, United States Code Annotated. It was alleged in the complaint that the defendant motor carriers have been, and are now, engaged in the transportation of property in interstate and foreign commerce for compensation, which was not authorized or permitted, either individually or collectively, under defendants' respective certificates of operating authority from the Interstate Commerce Commission. The specificity underlying such allegation is stated to be founded upon "beliefs" alone that defendant IML was and is managing and controlling the other defendants contrary to Section 5 (4) of Title 49, United States Code Annotated. Further, it is stated that plaintiffs "believe and therefore allege" that defendants are managed and controlled in a common interest contrary to 49 U.S.C.A. § 5(4). It is also stated in the complaint that plaintiffs are "informed and believe and therefore allege" that pertinent parts of the authority to transport general commodities issued by the I.C.C. to defendant Warberg are dormant, and null and void for non-use. In summary, the complaint alleges that the aforesaid acts and operations are in clear and patent violation of 49 U.S.C.A. § 306(a)(6) and as such are subject to be enjoined by this Court on application and suit of the plaintiffs under the express provisions of 49 U.S.C.A. § 322(b)(2).

■ It is upon these bare bones allegations that plaintiffs seek to rely and to which defendants strenuously object. While it is, no doubt, true that the Federal Rules of Civil Procedure (FRCP) contemplate liberal pleading or notice pleading, a "short, plain statement of a claim" will not suffice when Congress demands more.

Section 322(b)(2) gives a private right of action in the District Court to an injured carrier against any person who "operates in clear and patent" violation of any provisions of Section 306.

■ The jurisdiction of the District Court turns on the threshold question of whether or not a "clear and patent" violation appears on the face of the complaint. A "clear and patent" violation is one that is open and obviously unlawful. Baggett Transportation Co. v. Hughes Transportation, Inc., 393 F.2d 710, 714 (8th Cir., 1968), cert. den., 393 U.S. 936, 89 S.Ct. 297, 21 L.Ed.2d 272. Here the pleading raises two legal issues, namely, the meaning of the phrases "control" and "common interest" and "non-use", definitions of which are intimately connected with the determination of whether defendants are factually, patently in violation of Section 306(a) (6). By the phrase "clear and patent" Congress demands greater specificity than notice pleading requires for purposes of the F.R.C.P. No facts appear in the complaint as to "control" or "non-use", but rather a mere naked averment of "belief" that such facts exist. While this Court must accept well-pleaded facts as true, here there are no facts pleaded to so accept. It is doubtful that even under notice pleading principles, the minimum is met, i. e., adequate information as a basis for relief, but rather this complaint is nothing more than a recitation of a statute, a violation of which is said to entitle the plaintiff to relief.

Plaintiff argues that if the facts later show that there has been no clear and

patent violation, then the suit should be dismissed for lack of jurisdiction, but at this stage the Court must assume such facts do exist. Such was not the intent of Congress, as the Court must have jurisdiction in the first instance. Likewise, Congress did not intend that the District Court should usurp the fact-finding processes and expertise of the I.C.C. and thereby become immersed in detailed factual disputes of the nature alleged in this case. Plaintiff does not bring before this Court the same definitive violation of I.C.C. rules and regulations as were before Judge Hunter in *Baggett,* wherein the Judge could readily determine, having the benefit of a prior I.C.C. ruling, that defendant's operations were in "direct opposition to the restriction contained in its certificate and clearly exceeded the authority granted it." Baggett Transportation Co. v. Hughes Transportation, Inc., supra at p. 714.

Plaintiffs' complaint fails to set out objective factual criteria upon which this Court can reasonably conclude that a clear and patent violation exists and thereby enable this Court to determine if it has jurisdiction. There is no fair notice to this Court on the issue of jurisdiction. Since the words "clear and patent" form the standard of jurisdiction under 49 U.S.C.A. § 322(b)(2), plaintiffs must allege sufficient facts amounting to such an open and obvious violation so that the Court can determine whether or not it has the power to hear the matter. No such facts appear in this complaint; hence, plaintiff has failed to atop the threshold of jurisdiction and, accordingly, the complaint is dismissed, with plaintiffs having twenty (20) days to amend the same.

## SUPPLEMENTAL MEMORANDUM OF OPINION AND ORDER

On March 28, 1975, plaintiffs' original complaint was dismissed with leave to amend for plaintiffs' failure to allege sufficient facts which would give the Court jurisdiction under Section 222(b)(2) of the Interstate Commerce Act, 49 U.S.C. § 322(b)(2). Plaintiffs have now amended their complaint and the defendants have renewed their motions to dismiss. Both sides rely upon the memoranda submitted in support of and in opposition to defendants' motions to dismiss the original complaint.

As was stated in this Court's earlier Memorandum of Decision, in order for plaintiffs to invoke jurisdiction under 49 U.S.C. § 322(b)(2), there must be sufficient facts alleged showing defendants to be in "clear and patent" violation of Section 206 of the Act, 49 U.S.C. § 306. The acts complained of must be openly and obviously in violation of 49 U.S.C. § 306. Baggett Transportation Company v. Hughes Transportation, Inc., 393 F.2d 710 (8th Cir. 1968). "The language of the section is designed to make it clear that the courts would entertain only those suits which involve obvious attempts to circumvent operating regulation[s]." 1965 U.S.Code Congressional and Administrative News, p. 2931.

Taking the well-pleaded facts of the amended complaint as true, plaintiffs contend IML is transporting property in excess of its authority granted by the ICC under 49 U.S.C. § 306. Specifically, plaintiffs contend IML is managing and controlling Warberg and that IML is using Warberg's certificate of registration, which authorizes Warberg to transport general commodities intrastate, to transport property for IML between points in the State of Idaho where IML does not have authority to operate. Plaintiffs also contend that due to management and control of Warberg by IML, Warberg's certificate of registration is invalid under 49 U.S.C. § 306(a)(6), thus placing both Warberg and IML in clear and patent violation of 49 U.S.C. § 306. Plaintiffs further contend that St. Maries is aiding and abetting IML's violation of 49 U.S.C. § 306 and that IML is controlling St. Maries, in that St. Maries is carrying those goods shipped by IML through Warberg into Northern Idaho, between points in Eastern Washington and Northern Idaho.

Throughout the amended complaint are plaintiffs' allegations that IML is

managing and controlling both Warberg and St. Maries and that the three carriers are being operated in a common interest in violation of Section 5(4) of the Act, 49 U.S.C. § 5(4). The facts alleged do not show that Warberg or St. Maries is being formally controlled by IML through such means as consolidation, common directors or shareholders, see Homer White, Inc. v. United States, 281 F.Supp. 436 (W.D.N.Y.1968). All that is alleged is that IML determines what goods Warberg carries, where and what time transportation will begin and end, and the means of transportation, and that St. Maries acts at the direction of IML.

■■ The allegations do not show that St. Maries is openly and obviously in violation of 49 U.S.C. § 306. 49 U.S.C. § 322(b)(2) does not give this Court jurisdiction to entertain a suit by a private party seeking to enjoin a violation of 49 U.S.C. § 5(4). Such a violation, if any in this case, is for the Commission to investigate and act upon. 49 U.S.C. § 5(7) and (8). Nor is there any allegation that St. Maries is transporting property in interstate and foreign commerce in excess of its own operating authority. All that is shown is St. Maries may be operating in concert with IML. 49 U.S.C. § 322(b)(2) does not grant jurisdiction over private actions against one who himself is not violating 49 U.S.C. § 306, but who may be acting in concert with someone who is. See 49 U.S.C. § 322(b)(1).

Matters of policy and deference to the expertise of the Commission warrant dismissal as to Warberg and IML. At the heart of plaintiffs' allegations against IML and Warberg is the factual issue of control. What constitutes sufficient control for purposes of invalidating a certificate of registration under 49 U.S.C. § 306(a)(6) is not stated in that statute, but it is assumed that Congress intended to give those words the same meaning as in 49 U.S.C. § 5. Thus, if this Court were to place itself, as plaintiffs would have it do, in a position of determining what facts constitute control, it would be passing upon a subject which Congress intended to leave to the expertise of the Commission. See United States v. Navajo Freight Lines, Inc., 339 F.Supp. 554, 564 (D.C.Colo. 1971). Furthermore, a declaration by this Court that Warberg's certificate of registration is invalid under 49 U.S.C. § 306(a)(6) may well be a usurpation of a function left to the Commission under Section 212 of the Act, 49 U.S.C. § 312.

At most, IML may be indirectly violating 49 U.S.C. § 306 by using Warberg as a link in an interstate commerce chain. An indirect violation, however, is not a "clear and patent" one. It is the opinion of the Court that Congress did not intend for the district courts to replace the Commission's expertise in matters such as presented by the facts of this case.

It is therefore ordered that the defendants' Motion to Dismiss be, and the same hereby is, granted, and the plaintiffs' Complaint is dismissed.